

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

December 4, 2000

**FILED**

**JAN - 5 2000**

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

Nina J. Ginsberg, Esquire
DiMuro, Ginsberg & Mook, P.C.
908 King Street, Suite 200
Alexandria, VA 22314

Re: <u>United States v. Danielle Cole</u>,
    Criminal Number -00-412 (GK)

Dear Ms. Ginsberg:

This letter confirms the agreement between your client, Danielle Cole, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

<u>Danielle Cole's Obligations, Acknowledgments and Waivers</u>:

1. Your client, Danielle Cole, agrees to admit guilt and enter a plea of guilty to the criminal Information in the case containing a charge of one count of To Acquire or Obtain Possession of a Schedule II Controlled Substance, to wit, Demerol, by Misrepresentation, Fraud, Deception or Subterfuge, in violation of Title 21 United States Code § 843(a)(3). Your client understands that, pursuant to Title 21 United States Code § 843(a)(3), the charge carries a term of imprisonment of not more than four years, and a fine of not more than $30,000. In addition, your client agrees to pay a special assessment of $100 for the felony conviction to the Financial Litigation Unit of this Office prior to the date of sentencing. Your client further understands that the United States Sentencing Guidelines Manual ("Sentencing Guidelines") will apply to determine your client's guideline range, and that pursuant to Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.

2. Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for 196 vials (each containing 50 mg) of Demerol, which quantity represents the total amount involved in your client's relevant criminal conduct.

9

3. The Government agrees that it will not seek any increases in your client's base offense level, or seek any upward adjustment, other than those which are agreed to by your client in this agreement. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct.

4. Your client also agrees that if any illegal narcotics or illegal contraband were seized by any law enforcement agency from the possession of or the direct or indirect control of your client, then your client consents to the administrative forfeiture, official use and/or destruction of said narcotics or contraband by any law enforcement agency involved in the seizure of these items.

5. Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty.

6. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute. In particular, your client knowingly and voluntarily waives or gives up his right against self-incrimination with respect to the offenses to which your client is pleading guilty before the Court which accepts your client's plea. Your client also understands that by pleading guilty your client is waiving or giving up your client's right to be tried by a jury or by a judge sitting without a jury, the right to be assisted by an attorney at trial and the right to confront and cross-examine witnesses.

7. Your client understands that the sentence in this case will be imposed in accordance with the <u>United States Sentencing Commission's Guidelines Manual</u>. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

8. Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceedings before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion

under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

9. Your client understands and agrees that your client will not be allowed to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

## THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:

10. This Office will file the above-mentioned criminal information with the United States District Court for the District of Columbia for the purpose of your client entering a plea of guilty to the charge contained therein. This Office will not prosecute the defendant for the remaining 195 instances of obtaining Demerol detailed in the warrant affidavit in this case, which would form the basis for additional charges of To Acquire or Obtain Possession of a Schedule II Controlled Substance, to wit, Demerol, by Misrepresentation, Fraud, Deception or Subterfuge. Your client agrees and acknowledges that the charges were based in fact and would not provide your client with a basis for any future claims as a "prevailing party" under the "Hyde Amendment," P. L. 105-119 (1997). Further, your client specifically agrees not to file any claim under that law.

11. The Government agrees not to oppose your client's position at sentencing that your client's base offense level should be decreased by two levels based upon your client's acceptance of responsibility, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his/her the plea of guilty in this case.

### General Conditions

12. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

13. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of

the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

14. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

WILMA A. LEWIS
UNITED STATES ATTORNEY

BY: _____
RODERICK L. THOMAS
Assistant United States Attorney
Narcotics Section
555 Fourth Street, N.W.
Washington, D.C. 20001
(202) 514-7068

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Nina Ginsberg, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 1-5-01

_____
Danielle Cole
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 1/5/01

Nina Ginsberg, Esquire
Attorney for the Defendant

PROFFER

United States v. Danielle Cole, 00-412 (GK)

On September 24, 2000, Registered Nurse Danielle Cole was employed by C2 Professionals as a temporary nurse. On September 24, 2000, she was assigned to the Emergency Room of Children's National Medical Center and she worked at that location on that day. At about 7:34 p.m. on September 24, 2000, a computer printout check was made of the Pyxis machine for the dispensing records of Nurse Danielle Cole.

The Pyxis machine is the narcotics lock box used to store drugs for use in the Emergency Room of the hospital. Each registered nurse has a code along with a secret individual password, which identifies the nurse and allows the nurse access to the contents of the Pyxis machine. Each time a patient is administered a controlled substance medication by a nurse, the Pyxis System records the date and time a specific narcotics drawer is accessed, the type and amount of drug, and the intended patient.

The dispensing records show that at 7:28 a.m., on September 24, 2000, Nurse Danielle Cole signed out two 50 mg vials of Demerol (a schedule II controlled substance with a high potential for abuse) to a certain named patient. A check of this patient's medical chart revealed that the patient did not receive any Demerol, nor was the patient prescribed Demerol by any authorized member of the medical staff. This exact event was repeated at least six other times during Nurse Cole's shift on September 24, 2000.

All of the Pyxis dispensing records were checked for the period of Nurse Cole's employment at Children's National Medical Center. Between the period of June 9, 2000 and September 24, 2000, Nurse Cole obtained from the Pyxis machine 196 vials of Demerol. Since each vial contained 50 mg of Demerol, the total amount of Demerol was 9,800 mgs. All the respective patient's medical charts were checked and for each patient there was no administration of Demerol recorded on the medical charts.

_____
Danielle Cole

Defendant

_____
Nina Ginsberg, Esq.

Counsel for the Defendant