# UNITED STATES DISTRICT COURT
## District of Columbia

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| **DANIELLE R. COLE** | Case Number: **00-412** |
| | NINA GINSBERG, ESQUIRE |
| | Defendant's Attorney |

**FILED**

THE DEFENDANT:

☒ pleaded guilty to count(s) ONE OF THE INFORMATION ON 1/5/01      MAR 2 8 2001

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

☐ was found guilty on _____
after a plea of not guilty.

| Section & Title | Nature of Offense | Date Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 8843(a)(3) | Obtaining a Controlled Substance by Fraud | 9/24/00 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984,

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____   ☐ is   ☐ are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec.: **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**

Defendant's Date of Birth: **4/14/69**

Defendant's USM No.: **none assigned**

Defendant's Residence Address:

5104-Q Backlick Road
Annandale, VA 22003

March 27, 2001
Date of Imposition of Judgment

Signature of Judicial Officer

GLADYS KESSLER, U.S. DISTRICT COURT JUDGE
Name and Title of Judicial Officer

March 28, 2001
Date

Defendant's Mailing Address:
Same as above

13

DEFENDANT: DANIELLE R. COLE
CASE NUMBER: 00-412

Judgment Page 2 of 6

## PROBATION

The defendant is hereby placed on a probation for a term of 5 years

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DANIELLE R. COLE
CASE NUMBER: 00-412

Judgment Page 3 of 6

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant is to complete the Harrison House Program.
2. The defendant shall participate in a long term drug treatment program as directed by the probation office.
3. If and when the defendant receives her nursing license back the defendant shall resume employment as a registered nurse; the defendant shall not have access to any narcotic drugs within the first 18 months of employment; after the first 18 months of employment the probation office may seek to lift this condition after consulting with the Virginia Monitoring Program.
4. The defendant shall comply with the conditions of the Virginia Monitoring Program.
5. Probation shall submit a progress report to the Court July 1, 2001.

DEFENDANT: DANIELLE R. COLE
CASE NUMBER: 00-412

Judgment Page 4 of 6

## CRIMINAL MONETARY PENALTIES

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | | $6.72 |
| | | | |
| | | | |
| **TOTALS:** | $100.00 | | $6.72 |

### FINE

The above fine includes costs of incarceration and/or supervision in the amount of _____.

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows: ☐ a.m.  ☐ p.m. on _____.

### RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

☒ The defendant shall make restitution to the following payees in the amounts listed below (See Sheet 5, Part A, Continued 2 to add additional payees).

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name and Address of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Children's National Medical Center<br>111 Michigan Avenue, N.W.<br>Washington, D.C. 20010<br>Attn:Douglas Scheckelhoff-Director of Pharmacy | $6.72 | $6.72 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT   DANIELLE R. COLE                                  Judgment Page 5 of 6
CASE NUMBER: 00-412

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☐  In full immediately; or

B  ☐  $                immediately, balance due (in accordance with C, D, or E); or

C  ☐  not later than

D  ☐  in installments to commence         days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in            *(e.g., equal, weekly, monthly, quarterly)* installments of $           over a period of

        year(s) to commence         days after the date of this judgment.

The defendant will be credited for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

Judgment Page 6 of 6

**DEFENDANT:** DANIELLE R. COLE
CASE NUMBER: 00-412

## STATEMENT OF REASONS

☑ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☐ The court adopts the factual finding and guideline application in the presentence report except (see attachment, if necessary):

Guideline Range Determined by the Court:

Total Offense Level: __8__

Criminal History Category: __I__

Imprisonment Range: __0__ to __6__ months

Supervised Release Range: _____ to _____ years

Fine Range: $ _____ to $ _____

☐ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 1 10, 1 10A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☑ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

**OR**

☐ The sentence departs from the guideline range:

   ☐ upon motion of the government, as a result of defendant's substantial assistance.

   ☐ for the following specific reason(s):